1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL DIXON LEWIS,                      Case No.: 1:21-cv-00115-JLT (PC)

12                      Plaintiff,          **FINDINGS AND RECOMMENDATIONS
                                            TO DENY PLAINTIFF'S MOTION TO**
13          v.                              **PROCEED *IN FORMA PAUPERIS***

14   T. CISNEROS,                           (Doc. 2)

15                      Defendant.          14-DAY DEADLINE

16                                          Clerk of the Court to Assign a District Judge

17

18          On January 28, 2021, Plaintiff filed a motion to proceed *in forma pauperis* (IFP). (Doc. 2.)

19   The certified account statement submitted by the California Department of Corrections and

20   Rehabilitation indicates that, as of January 27, 2021, Plaintiff had $1,050.05 in his inmate trust

21   account. (Doc. 6.) This is more than enough to pay the filing fee of $402 in full.

22          Accordingly, on January 30, 2021, the Court ordered Plaintiff to show cause why his

23   motion to proceed IFP should not be denied. (Doc. 7.) Plaintiff responded to the order on

24   February 17, 2021. (Doc. 8.) Plaintiff does not deny that he has sufficient funds to pay the filing

25   fee, but he states that the funds were provided pursuant to the CARES Act "so that [he's] able to

26   take care [of himself.]" (*Id.*) Plaintiff, however, does not explain why the funds are necessary for

27   his care, given that his "basic needs are provided by the State." *Clifton v. Curry*, No. 2:20-cv-

28   02149-JDP, 2020 WL 6526126, at *1 (E.D. Cal. 2020).

1        Plaintiff is correct that access to the Court is a right. (Doc. 8.) But as explained in the

2    Court's order to show cause, proceeding "in forma pauperis is a privilege." *Smart v. Heinze*, 347

3    F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed IFP,

4    *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed

5    care must be employed to assure that federal funds are not squandered to underwrite, at public

6    expense, … the remonstrances of a suitor who is financially able, in whole or in material part, to

7    pull his own oar.'" *Doe v. Educ. Enrichment Sys.*, No. 15cv2628-MMA-MDD, 2015 U.S. Dist.

8    LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted).

9        Plaintiff has sufficient funds in his inmate trust account to pay the filing fee in full.

10    Accordingly, the Court DIRECTS the Clerk of the Court to assign a district judge to this action

11    and RECOMMENDS that:

12        1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,

13        2.  Plaintiff be required to pay the filing fee of $402 within 30 days of the assigned

14            district judge's adoption of these findings and recommendations.

15        These findings and recommendations will be submitted to the United States District Judge

16    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the

17    date of service of these findings and recommendations, Plaintiff may file written objections with

18    the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

19    Recommendations." Plaintiff's failure to file objections within the specified time may result in

20    waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

21    *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23    IT IS SO ORDERED.

24    Dated:  __February 18, 2021__        _____**/s/ Jennifer L. Thurston**_____

25                                        UNITED STATES MAGISTRATE JUDGE

26

27

28